**JS-6**

IN THE UNITED STATES DISTRICT COURT FOR THE
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>             Plaintiff,<br><br>vs.<br><br>DAVID W. CLANCY, Jr.; *et al.*<br><br>             Defendants. | <u>STIPULATED FINAL<br>JUDGMENT OF PERMANENT<br>INJUNCTION AGAINST<br>DAVID W. CLANCY, JR.</u><br><br>Case No. 5:06-cv-889 VAP-OPx |

### **STIPULATED FINAL JUDGMENT OF PERMANENT INJUNCTION**

Plaintiff, the United States of America, has filed a Complaint for Permanent Injunction in this matter against Defendant David W. Clancy, Jr.

Clancy filed an Answer to the Complaint and denies the allegations in the complaint.

Clancy, however, admits that this Court has jurisdiction over him and over the subject matter of this action.

Clancy consents to the entry, without further notice, of this Stipulated Final Judgment of Permanent Injunction.

Clancy waives the entry of findings of fact and conclusions of law under Rules 52 and 65 of the Federal Rules of Civil Procedure and 26 U.S.C. §§ 7402 and 7408.

Clancy waives any right he may have to appeal from the Stipulated Final Judgment of Permanent Injunction.

Clancy states that he enters into this Stipulated Final Judgment of Permanent Injunction voluntarily.

Clancy acknowledges that entry of this Stipulated Final Judgment neither precludes the Internal Revenue Service from assessing taxes, interest, or penalties against him for asserted violations of the Internal Revenue Code, nor precludes Clancy from contesting such taxes, interest, or penalties. Further, nothing in this Stipulated Final Judgment is to be construed as an express or implied admission by Clancy of any allegation in the complaint.

Clancy agrees that this Court shall retain jurisdiction over him for the purpose of implementing and enforcing this Stipulated Final Judgment.

For the purposes of this Stipulated Final Judgment, the term "payroll scheme" is defined as: splitting an employee's wages or salary into two portions, categorizing the first portion appropriately as Form W-2 wages, and categorizing/disguising the second portion as something other than Form W-2 wage income, including, but not limited to, categorizing the second portion as a trust distribution, a profit distribution, or a distribution from a retirement account.

For the purpose of this Stipulated Final Judgment, the term "sham-transaction scheme" is defined as creating, advising anyone to use, or promoting a business structure including, but not limited to a corporation, limited partnership, limited liability company and/or, trust that:

(a) lacks a legitimate business purpose; or,

(b) lacks economic substance; or,

(c) is created solely to facilitate avoiding federal tax laws.

Additionally, for the purpose of this Stipulated Final Judgment, the term "sham-transaction scheme" is defined as:

(a) advising anyone that an entity may depreciate an asset at the asset's fair market value when that asset was transferred into the entity in exchange for units of beneficial/partnership interest (or some other similar interest);

(b) advising anyone to take (or have entities take) a depreciation or other deduction for personal home and/or living expenses; or

(c) advising anyone that they should (1) transfer their business, income, and/or personal assets into one or more entities, (2) establish leases for that property with those entities, and (3) have the entity or person deduct anything as a result of that arrangement.

NOW, THEREFORE, it is accordingly, ORDERED, ADJUDGED, AND DECREED that:

1. The Court has jurisdiction over this action pursuant to §§ 1340 and 1345 of Title 28 of the United States Code, and §§ 7402 and 7408 of the Internal Revenue Code of 1986, as amended (26 U.S.C.) (the "Code").

2. Clancy and his agents, servants, employees, and those persons in active concert or participation with them, are prohibited from directly or indirectly:

    a. Engaging in conduct subject to penalty under 26 U.S.C. § 6700, including making, in connection with the organization or sale of any plan or arrangement, a statement regarding the allowability of any deduction or credit, or the securing of any tax benefit that they know or have reason to know is false or fraudulent as to any material matter;

    b. Engaging in any other conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws; and

    c. promoting or selling the payroll scheme and the sham-transaction scheme (as defined herein).

Additionally, the Court ORDERS, pursuant to I.R.C. § 7402, that:

3. Clancy is required to contact by mail (and also by e-mail, if an address is known) all customers (of Clancy, of any entity in which Clancy held an ownership interest, and/or of one of the other Defendants) who purchased any payroll services, financial planning services, and/or asset planning services, as well as all employees of customers who used the payroll services, and send them a copy of this Stipulated Final Judgment of Permanent Injunction;

4. Clancy is required to produce to the United States a list, identifying all persons or entities who have purchased payroll services and/or financial/asset planning services (whether purchased directly from Clancy, from one of the other Defendants, or from their associates or their related entities);

5. Clancy is required to certify to the Court within 45 days of entry of this Order that he has complied with the provisions in paragraphs three and four of this Stipulated Final Judgment of Permanent Injunction;

6. Clancy is prohibited from promoting, creating, selling, organizing or advising anyone about any corporation, limited liability company, business entity, trust, limited partnership or other plan or arrangement to facilitate non-compliance with the federal tax laws;

7. Clancy is prohibited from advising anyone for compensation about federal income, employment, or unemployment taxes;

8. Clancy is prohibited from advising anyone for compensation about the federal tax consequences associated with creating, promoting, using, selling or organizing corporations, limited liability companies, business entities, trusts, limited partnerships, or any other entities, plans or arrangements;

9. Nothing in paragraph 8 prohibits Clancy from promoting, creating, selling, using, organizing, or advising anyone about any corporation, limited liability company, business entity, trust, limited partnership or other plan or arrangement

Case 5:06-cv-00889-VAP-OP    Document 52    Filed 07/18/08    Page 5 of 6    Page ID #:111

that has a legitimate business purpose, has economic benefit for the client, and is not created solely to facilitate avoiding federal tax laws.

10.  In promoting, creating, selling, using, or organizing any entity described in paragraph 9, Clancy, as described in paragraph 8, may not advise any of his customers about the federal tax consequences of the transaction.  Clancy, however, must inform all customers that "not all trust arrangements are respected for federal income tax purposes," and may generally inform any customer to consult an independent tax professional or consult the State Bar of California's Lawyer Referral Services Program if the customer needs advice regarding the federal tax laws.  Clancy, however, shall not refer a customer, directly or indirectly, to any particular professional tax advisor for purposes of consultation or instruction. Furthermore, Clancy shall not contact, directly or indirectly, a professional tax advisor to have them communicate with a customer.

11.  The United States is permitted to engage in post-judgment discovery to ensure compliance with the permanent injunction.

Date:_July 17, 2008_

_____
Virginia A. Phillips
U.S. District Judge

*Stipulated Final Judgment of Permanent Injunction*
3373335.11                                          - 5 -                          *United States v. Clancy*

| | |
|---|---|
| Presented by: | |
| Date: 7/11/08 | THOMAS P. O'BRIEN<br>United States Attorney<br>SANDRA BROWN<br>Assistant United States Attorney<br>Chief, Tax Division<br>EVAN DAVIS |
| | /s/ Hilarie E. Snyder |
| | HILARIE E. SNYDER<br>Trial Attorney, Tax Division |
| Date: 6/_/08 | /s/ David W. Clancy, Jr. |
| | DAVID W. CLANCY, JR<br>Defendant Pro Se |